IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CR-11-BO-1

EZEQUIEL GONZALEZ GARZA, )
    Petitioner, )
     )
  v. )    ORDER
     )
UNITED STATES OF AMERICA, )
    Respondent. )
     )

    This cause comes before the Court on petitioner's two motions. Pursuant to a written plea agreement, petitioner pleaded guilty on July 11, 2016 to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. On December 12, 2016, petitioner was sentenced to a term of 135 months' imprisonment in the Bureau of Prisons. Petitioner has now filed two motions related to his sentence: a motion to compel specific performance, [DE 116], and a motion to reduce his sentence [DE 118].[1]

    In his first motion, petitioner alleges issues with his sentencing, including prosecutorial misconduct and ineffective assistance of counsel. The relief petitioner seeks is that which would be provided by a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Court NOTIFIES petitioner of its intent to construe his letter as a § 2255 motion. The clerk is DIRECTED to send to defendant the necessary forms for filing a motion to vacate in this Court. Defendant shall either return the § 2255 forms, confirming his

---

[1] Petitioner's wife, Norma Garza, also filed a letter with the Court asking that petitioner be appointed an attorney. Petitioner may appear for himself and file motions on his own behalf, or he may be represented by counsel, but those are the only options. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, Ms. Garza's letter cannot be considered.

intent to pursue such motion, or notify the Court of his intent to withdraw such motion not later than July 27, 2018.

The Court WARNS petitioner of the effects of filing a motion pursuant to § 2255 and advises him as to the requirements of § 2255. *See Castro v. United States*, 540 U.S. 375, 377 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).

Petitioner's second motion is made pursuant to 18 U.S.C. § 3582(c). § 3582(c) permits the Court to modify a term of imprisonment when the Sentencing Commission has later lowered a defendant's applicable guideline range. Petitioner argues that his term of imprisonment should be modified because his applicable guideline range has been lowered by a retroactive guideline amendment. He claims the amount of drugs he was held accountable for means his base offense level should be reduced from a 38 to a 36. However, this is not the case, as the drug quantity petitioner was found responsible for, 4.761 kilograms, still results in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). For this reason, petitioner's guideline range should not be reduced under § 3582(c).

Petitioner's motion under § 3582(c) [DE 118] is DENIED. Petitioner has until July 27, 2018 to either withdraw his other motion [DE 116] or return the § 2255 forms. The government's motion to seal [DE 128] is GRANTED.

SO ORDERED, this _25_ day of June, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE