IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CR-11-BO-1
No. 4:19-CV-2-BO

| | |
|---|---|
| EZEQUIEL GONZALEZ GARZA,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's *pro se* motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [DE 134] and petitioner's motion to proceed *in forma pauperis* [DE 138]. The government has moved to dismiss the § 2255 motion. [DE 146]. The motions are ripe for disposition. For the reasons discussed below, the government's motion to dismiss [DE 146] is GRANTED, petitioner's § 2255 motion [DE 134] is DISMISSED, and petitioner's motion to proceed *in forma pauperis* [DE 138] is DENIED AS MOOT.

BACKGROUND

In July 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a). [DE 67, 68]. In December 2016, Judge James C. Fox sentenced petitioner to 135 months' imprisonment and 5 years' supervised release. [DE 95]. Petitioner was also ordered to pay a $1,250 fine and a $100 special assessment. *Id.* Petitioner appealed, and in October 2017 the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion. [DE 108, 109].

In January 2019, petitioner filed the instant motion to set aside, vacate, or correct his

sentence under 28 U.S.C. § 2255. [DE 134]. Petitioner argues (1) that his counsel was ineffective in "ma[king] a false promise to [petitioner] that he would receive a 53 month[] prison sentence if he plead[ed] guilty" and promising that he would receive sentence reductions based on his substantial assistance to the government; (2) that the government breached its agreement with petitioner by (a) failing to include in the plea agreement an "oral promise to decrease at least 2 levels based on [petitioner's] substantial cooperation with the government," (b) "failing to make a recommendation for a 5K1.1 downward departure," and (c) "failing to adhere to its promise that [petitioner] would receive 53 months' imprisonment"; and (3) that his appellate counsel was ineffective for raising ineffective-assistance claims on direct appeal and "failing to establish the basi[c] standard for review to establish 'plain error' on the issue relating to the government's breach of the plea agreement." [DE 134, p. 4–10]. In February 2019, petitioner filed a motion stylized as a "Motion in Supplemet [sic] to Application to Proceed In Forma Pauperis," requesting that he be relieved from the burden of paying costs associated with his § 2255 motion.

The government has moved to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). [DE 146]. The government has also responded in opposition to petitioner's motion to proceed *in forma pauperis*. [DE 138]. Petitioner has not responded in opposition to the government's motion to dismiss. [DE 149].

## DISCUSSION

At the outset, petitioner's motion to proceed *in forma pauperis* during his § 2255 proceedings must be denied as moot. There are no filing fees associated with such a motion, and consideration of petitioner's financial ability for possible future transcript fees is premature. Moreover, given that petitioner's § 2255 motion must be dismissed for failure to state a claim upon which relief can be granted, the motion to proceed *in forma pauperis* must be denied as moot.

2

The government argues that petitioner's § 2255 motion must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Two of petitioner's claims are premised on ineffective assistance of counsel under the Sixth Amendment. Under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's claims can only succeed if he establishes both that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different.

Petitioner's first claim, as to his trial counsel's purported statements about petitioner's potential sentence, must be dismissed. At petitioner's Rule 11 colloquy, the Court asked petitioner,

3

"Do you understand that your attorney's calculation of your anticipated sentence is only an estimate and the Court—it is the Court that will determine your actual sentence?" [DE 104, p. 10–11]. Petitioner indicated that he did understand that. [DE 104, p. 11]. Petitioner's belated attempt to escape his plea agreement on the grounds that his trial counsel inaccurately estimated his sentence must fail. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and citations omitted). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). Additionally, an attorney's inaccurate estimate of a client's likely sentence does not constitute a violation of the Sixth Amendment right to effective assistance of counsel under *Strickland*. Petitioner's first claim must be dismissed, given that petitioner affirmed at his Rule 11 colloquy that he understood that counsel's estimates of his eventual sentence were only estimates and that he nonetheless intended to plead guilty.

Petitioner's second claim, that the government breached the plea agreement, must also be dismissed. In fact petitioner raises three distinct, but related, claims. He argues that the government (1) did not provide a promised two-level reduction for substantial cooperation, (2) did not move for a §5K1.1 reduction, and (3) did not ensure that petitioner received a promised 53-month sentence. All three claims are unpersuasive. First, the plea agreement unambiguously states that it "constitutes the full and complete record of the Plea Agreement," and that "[t]here are no other agreements between the parties in addition to or different from the terms herein." [DE 68, p. 1].

4

The agreement contains no provisions regarding a two-level reduction for substantial cooperation. There is, therefore, no basis for affording relief on any alleged oral promise. Second, the plea agreement further states that the government was "not promising to move for departure pursuant to U.S.S.G. §5K1.1." [DE 68, p. 6–7]. Again, petitioner cannot obtain relief on the grounds that the government did not provide a §5K, given that he affirmed under oath his agreement to the terms of the written plea. Finally, the plea agreement contains no specific promise of a term of imprisonment—and, indeed, states that "any estimate of the sentence received from any source is not a promise"—and, as discussed above, petitioner affirmed at his Rule 11 colloquy his understanding that the Court and the Court alone was responsible for his eventual sentence. [DE 68, p. 5]. In sum, just as the Fourth Circuit rejected on direct appeal petitioner's efforts to obtain relief from his sentence on the basis of alleged government promises, petitioner's second claim, too, must be dismissed.

Petitioner's third claim, relating to appellate counsel's alleged ineffective assistance on direct appeal, must also be dismissed. Petitioner has failed to allege any facts in support of his claim to establish that appellate counsel's conduct fell below an objective standard of reasonableness, let alone allege any facts demonstrating that, but for counsel's errors, the outcome of petitioner's direct appeal would have been different. Petitioner alleges only that counsel, "by virtue of his failure to investigate, interview or adhere to his client['s] explicit[] instructions," raised an ineffective-assistance claim against petitioner's wishes. [DE 134, p. 9]. Petitioner further states that "[i]t is undisputed that [petitioner] would be unable to raise his claims on direct appeal," seemingly suggesting that appellate counsel was ineffective in bringing claims on direct appeal that he should have known would fail. Petitioner concludes that "appellate counsel [was] incompetent to the extent that [petitioner] would not have pleded [sic] guilty but for counsel's

deficient performance." [DE 134, p. 9]. This is plainly untrue, as petitioner had pleaded guilty well prior to appellate counsel's arguments on direct appeal. Petitioner has alleged no other facts to establish that counsel's decision to pursue ineffective-assistance claims on direct appeal was objectively unreasonable, let alone that counsel's decision to pursue those claims prevented the Fourth Circuit from vacating petitioner's sentence. As such, petitioner cannot prevail on either *Strickland* prong, and his third claim must be dismissed. In sum, petitioner has failed to state a claim upon which relief can be granted, and his § 2255 motion must therefore be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, the government's motion to dismiss [DE 146] is GRANTED, petitioner's § 2255 motion [DE 134] is DISMISSED, and petitioner's motion to proceed *in forma pauperis* [DE 138] is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of May, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE